UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUANG-BAO P. OU-YOUNG,<br><br>        Plaintiff,<br><br>    v.<br><br>THOMAS J. NIXON,<br><br>        Defendant. | Case No. 25-mc-80193-RFL<br><br>**ORDER RE: PRE-FILING SCREENING**<br><br>Re: Dkt. No. 1 |

      Pro se plaintiff Kuang-Bao P. Ou-Young is seeking to file a complaint alleging civil rights claims against various federal and state judges, court clerks, and other government officials. (Dkt. No. 1.) The question whether Ou-Young may file this complaint was referred to the undersigned as the current Duty Judge.

      Because Ou-Young has named the undersigned as a defendant in the complaint, the Court must consider whether recusal is warranted. Ou-Young alleges that the undersigned violated his civil rights by issuing a pre-filing review order and by dismissing pleadings in his prior lawsuits. (*See* Compl. ¶ c1.) While a judge should ordinarily disqualify herself from proceedings to which she is a party, *see* 28 U.S.C. § 455(b)(5)(i), the Ninth Circuit has upheld district judges' decisions not to disqualify themselves "unless there is a legitimate basis for suing the judge." *See Glick v. Edwards*, 803 F.3d 505, 508 (9th Cir. 2015) (citation omitted). Here, the allegations against the undersigned involve judicial conduct that is immune from liability. The claims therefore do not warrant recusal on this basis.

      Nor is recusal required under Sections 455(a) & (b)(1). Pursuant to Section 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any

proceeding in which his impartiality might reasonably be questioned." Section 455 enumerates several circumstances requiring recusal, including where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).  However, "the provisions of § 455(a) & (b)(1) require recusal only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988) (citation omitted).  "[I]n the absence of a legitimate reason to recuse himself, a judge should participate in cases assigned." *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (internal quotation marks and citation omitted).  Because Ou-Young's claims arise from the undersigned's conduct and rulings made in the course of Ou-Young's legal proceedings, and not from any extrajudicial source, recusal is also not warranted on this basis.

Ou-Young is subject to two pre-trial filing orders.  The second and pertinent one here applies to cases brought by Ou-Young against federal judges, whether filed here originally or removed from state court.  *See Ou-Young v. Stone*, No. 19-cv-07000-BLF, 2019 WL 6619879 at *9 (N.D. Cal. Dec. 5, 2019).  The pending complaint names as defendants numerous federal judges in this District, and is therefore subject to screening.

The complaint is dismissed without leave to amend.  To the extent the allegations are intelligible, they are frivolous and vexatious for the reasons discussed in the pre-filing order. Separate and apart from that, the allegations against all of the state and federal judges involve judicial conduct that is immune from liability.  The Clerk is requested to the close the case.  No further filings will be accepted in this matter.

**IT IS SO ORDERED.**

Dated: July 30, 2025

_____
RITA F. LIN
United States District Judge